ROBERT P. GREEN, AS ADMINISTRATOR, ETC. v. JAMES P. RODGERS AND OTHERS.[1]

July 14, 1922.

No. 22,900.

**Purchaser estopped by his conduct from claiming he was defrauded.**

The trial court correctly ruled that the proposed amended complaint in deceit failed to state a cause of action.

Action in the district court for Ramsey county by the administrator of the estate of John A. Green, deceased, to recover $57,015. The separate demurrers of defendants Rodgers and Thomas to the complaint were sustained, Michael, J. Plaintiff's motion for an amended complaint was denied. From the judgment entered in favor of the defendants, plaintiff appealed. Affirmed.

*Samuel A. Anderson* and *Barnes, Chamberlain, Hanzlik & Thompson,* for appellant.

*B. H. Schriber* and *Crissman & Linville,* for respondents.

TAYLOR, C.

This is an action in deceit. Defendants Rodgers and Thomas, who were the only defendants served, demurred to the complaint and their demurrer was sustained. Plaintiff made an application for leave to serve an amended complaint which was opposed by affidavits

[1]Reported in 189 N. W. 449.

tending to show that the proposed amendments were sham. The application might well have been denied on this ground, but the court denied it on the ground that the proposed amended complaint failed to state a cause of action. Judgment was entered and plaintiff appeals therefrom.

Plaintiff represented and acted as attorney in fact for his father, John A. Green, now deceased, in all the transactions involved herein which took place in his father's lifetime and is now the representative of his father's estate and we shall use the term plaintiff hereafter as if plaintiff and his father were one and the same person.

It appears from the complaint that in October, 1916, plaintiff and defendant Rodgers entered into a contract for the exchange of lands, whereby Rodgers agreed to convey to plaintiff 6,400 acres of land in Prairie county, Montana, and 8,680 acres of land in Clark county, Wisconsin, and in consideration therefor plaintiff agreed to convey to Rodgers 797 acres of land in Iowa and 113 acres of land in Minnesota and to give a mortgage on the Wisconsin land in the sum of $60,760 for the remainder of the purchase price; that pursuant to this contract the Montana and Wisconsin lands were duly conveyed to plaintiff and the Iowa and Minnesota lands were duly conveyed to Rodgers and plaintiff duly executed the mortgage on the Wisconsin lands for the sum of $60,760.

Before making the exchange plaintiff had gone to Montana for the purpose of examining the land in that state and also to Wisconsin for the purpose of examining the land in that state. In the spring of 1917, plaintiff claimed that the Montana land conveyed to him was not the land shown to him when in Montana and not of the value or character represented. As a result of this claim the parties made a written agreement on May 5, 1917, giving plaintiff the privilege of rescinding the entire contract within ten days thereafter if he wished to do so, and also giving him the further privilege of taking back a specified part of the Iowa land in return for which, if he elected to take it, he was to convey back the Montana land and give a mortgage for $7,500 on the Iowa land received back. He elected to take back the specified part of the Iowa land, and this agreement was carried out. The Iowa land was conveyed to him

and he conveyed back the Montana land and executed the stipulated mortgage. While this exchange of properties is fully set forth in the complaint, the written agreement giving plaintiff the option to make it is not, but it was presented at the hearing and stands unquestioned.

When the interest on the mortgage of $60,760 on the Wisconsin land became due in October, 1917, plaintiff was unable to pay it or to pay the taxes on the land, and made another agreement with Rodgers, pursuant to which he conveyed the Wisconsin land to Rodgers and Rodgers caused the mortgage to be canceled and discharged and also caused the mortgage of $7,500 on the Iowa land to be canceled and discharged and in lieu thereof took plaintiff's personal note for $3,750, one-half the amount of such mortgage.

In October, 1921, plaintiff began this action for damages, alleging false representations as to the character and value of the Montana land and that the Montana land shown to him was not the land conveyed to him; and also alleging false representations as to the character and value of the Wisconsin land, and that this land was represented to be in a solid body when in fact it was scattered through 15 different townships. We may note in passing that the original contract showed that the land was located in 15 different townships. The proposed amended complaint alleges that plaintiff did not discover the fraud in respect to the Wisconsin land until long after the consummation of the transaction by which he reconveyed this land to Rodgers and secured the release of his mortgage for the purchase price and of the mortgage on the Iowa land. The trial court in a memorandum attached to its order sums up the situation thus:

"Manifestly the plaintiff has no cause of action as to the Montana lands involved in the transaction. As to the Wisconsin lands, the proposed amended complaint, to say the least, presents a novel contention. In brief it is alleged that the plaintiff's intestate was, by fraudulent misrepresentations as to its location, quality and value, induced to purchase a large tract of Wisconsin lands pursuant to the contract of October, 1916, Exhibit A attached to the complaint. The deceased received a conveyance of the lands, and, to secure payment of the greater portion of the purchase price, executed back a pur-

chase money mortgage on the lands for over $60,000. A year later, the deceased, being unable to pay the interest on this mortgage and the taxes against the land, voluntarily reconveyed all of the land to the defendants in consideration of the taking up and cancelation of this purchase money mortgage, the assumption of the taxes and the satisfaction of another $7,500 mortgage upon the Iowa lands of the deceased.

This final adjustment of the whole transaction was consummated, and it is not claimed that it was induced by any further deceit on the part of the defendants; on the contrary, it is expressly alleged that at the time of this final adjustment the deceased had no knowledge of the alleged original fraud in the inception of the transaction.

In other words, he voluntarily consummated a final rescission and adjustment of the whole transaction, upon terms then satisfactory to him, upon the theory and supposition that he had not been defrauded and that he had received just what he agreed to purchase. The proposed complaint is self-destructive. It shows that the plaintiff voluntarily rescinded and reconveyed the lands and was relieved from paying the purchase price."

After the discovery of the alleged fraud in respect to the Montana lands, plaintiff was given the opportunity to rescind the entire transaction, but did not do so. Instead he elected to take the other option given him by Rodgers and turned back the Montana land and took back Iowa land valued at $7,500 more than the Montana land. This clearly settled and satisfied whatever claim he may have had on account of the alleged misrepresentation concerning the Montana land.

After he was in default in respect to the Wisconsin land, and because he was unable to perform his part of the contract for that land, he made the arrangement by which he conveyed the Wisconsin land back to Rodgers, and Rodgers released him from liability on the purchase money mortgage of $60,760 and interest, and assumed the delinquent taxes on the land, and also released the mortgage of $7,500 on plaintiff's Iowa land for a personal note for one-half the amount thereof. This transaction amounted, in substance, to a rescission of the contract in respect to the Wisconsin land on ac-

count of plaintiff's own default, and was entirely unaffected by the alleged misrepresentations not then known and not asserted until three years later. Plaintiff is not in position to assert fraud now, and as the trial court reached the correct conclusion its judgment is affirmed.